**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 25 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50044 |
| Plaintiff-Appellee, | D.C. No. 8:18-cr-00100-JVS-2 |
| v. | |
| DAVID NAVOR ANDRADE PEREZ, AKA David Andrade, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted January 18, 2023**

Before:    GRABER, PAEZ, and NGUYEN, Circuit Judges.

David Navor Andrade Perez appeals from the district court's judgment and

challenges the 192-month sentence imposed following his guilty-plea conviction

for distribution of methamphetamine, in violation of 21 U.S.C § 841(a)(1) and

(b)(1)(A)(viii), and aiding and abetting, in violation of 18 U.S.C. § 2(a).  We have

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Andrade Perez contends that the district court erred in concluding that his policy-based objections to the methamphetamine guideline did not support a downward variance, and failed to explain adequately this decision under Federal Rule of Criminal Procedure 32(i)(3)(B). As an initial matter, Andrade Perez's sentence was driven by the career offender guideline rather than the methamphetamine guideline. In any event, Andrade Perez's arguments fail. The district court acknowledged its discretion to vary from the Guidelines but permissibly declined to do so because it did not agree that the methamphetamine guideline was too harsh. *See United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011) (district court may vary from the Guidelines based on a policy disagreement but is not obligated to do so where it does not have such a disagreement). The district court did not violate Rule 32(i)(3)(B) because Andrade Perez's challenge to the methamphetamine guideline was not a factual objection to the presentence report within the meaning of Rule 32. *See United States v. Grajeda*, 581 F.3d 1186, 1188-89 (9th Cir. 2009). Finally, the district court sufficiently explained the sentence, *see United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc), and the below-Guidelines sentence is substantively reasonable, *see Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**